# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

        Plaintiff,

vs.                                    No. CV 15-00890 WJ/GJF

PENITENTIARY OF NEW MEXICO,
CORIZON HEALTH CARE PROVIDERS,
PENITENTIARY OF N.M. FACILITY
ADMINISTRATORS, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and

rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint

filed by Plaintiff Nick James Gonzales on October 5, 2015. (Doc. 1) ("Complaint"). The Court

will dismiss Defendants Penitentiary of New Mexico and Penitentiary of N.M. Facility

Administrators for failure to state a claim upon which relief can be granted.  The Court will also

grant Gonzales leave to amend and order that any amended complaint be filed within 28 days of

entry of this Memorandum Opinion and Order.  Last, the Court will deny Gonzales' pending

motions (Doc. 10, 12, 19 and 20) as moot in light of this Memorandum Opinion and Order.

### ***Dismissals for Failure to State a Claim***

Plaintiff Gonzales is proceeding pro se and *in forma pauperis*.  The Court has the

discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon

which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or  28 U.S.C. § 1915(e)(2)(B). A

claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *Analysis of the Plaintiff's Claims*

Gonzales alleges claims under 42 U.S.C. § 1983 for violation of constitutional rights under the 8th and 14th Amendments. (Doc. 1 at 2).  He claims his rights to equal protection and to be free from cruel and unusual punishment have been violated by alleged indifference to serious medical needs.  (Doc. 1 at 2). He names, as Defendants, the Penitentiary of New Mexico and the "Penitentiary of N. M. Facility Administrators." (Doc. 1 at 1-2). The Penitentiary of New Mexico is a state entity. As such, the claims against it are claims against the State of New Mexico.  In addition, because he does not identify an individual administrator, his claims against Penitentiary of N. M. Facility Administrators can only be a claim against the Penitentiary

administration in its official capacity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Therefore, the claims against the Penitentiary of N. M. Facility Administrators are also claims against the State.

The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Therefore, the claims against the Penitentiary of New Mexico and Penitentiary of N. M. Facility Administrators will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64. The Court finds that the Complaint fails to state a claim on which relief may be granted against the Penitentiary of New Mexico and the Penitentiary of N.M. Facility Administrators under either rule 12(b)(6) and § 1915(e)(2)(B) and cannot be amended to state a legally proper claim for relief.  Therefore, the Court will dismiss the claims against the Penitentiary of New Mexico and the Penitentiary of N. M. Facility Administrators.

Gonzales also names as Defendant Corizon Health Care Providers, but does not identify any specific individuals associated with Corizon.  In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009).  In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of unnamed employees. *Ashcroft v. Iqbal,* 556 U.S.at 676.

The Complaint makes generalized and conclusory statements that Corizon Health Care Providers are deliberately indifferent to Gonzales' serious medical needs.  However, the Complaint does not specify any individual or allege how that individual acted to deprive Gonzales of an 8th or 14th Amendment constitutional right.  Therefore, the Complaint currently fails to state any claim for relief against Corizon under the rule 12(b)(6) standard.

In his January 21, 2016 motion (Doc. 9), Gonzales seeks leave to amend to name six individual defendants, Penitentiary of New Mexico Warden German Franco, Deputy Warden FNU Olivas, and Grievance Officer Michelle Boyer and Corizon health care providers Doctor Martinez, Tisha Romero RN and Mathew Mehan.  The Court will grant leave to amend and order that an amended complaint be filed. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Gonzales that any claim against an individual defendant must specifically allege who that individual is, what that individual did, and how that individual's actions deprived Gonzales of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly,* 550 U.S. at 555

The Court will grant Gonzales leave to amend the Complaint to allege any claims
Gonzales believes he may have against Corizon and any individual identified in his Motion
(Doc. 9) consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion
and Order.  Gonzales must file his amended complaint within 28 days of entry of this
Memorandum Opinion and Order.  Failure to file an amended complaint within that time may
result in final dismissal of this action without further notice.

### ***Additional Pending Motions***

Also pending before the Court are Gonzales' Motion for Order to Respond (Doc. 10),
Motion for Hearing or Protective Order (Doc. 12), Motion for Reconsideration (Doc. 19), and
Motion to Have Defendants Served (Doc 20).  Because Gonzales' Complaint presently does not
state any claim for relief against any defendant, the Court will deny Gonzales' Motions as moot
in light of this Memorandum Opinion and Order.  However, the Court's denial of Gonzales'
Motion for Reconsideration (Doc. 19) is without prejudice to Gonzales' right to assert a claim for
injunctive relief in any amended complaint he files pursuant to this Memorandum Opinion and
Order.

IT IS ORDERED:

(1) Defendants Penitentiary of New Mexico and Penitentiary of N.M. Facility
Administrators and all claims against them are DISMISSED;

(2) Plaintiff Nick James Gonzales Motion to Amend Complaint (Doc. 9) is GRANTED.
Plaintiff Gonzales must file an amended complaint within twenty-eight days of entry of this
Memorandum and Order;

(3)   Plaintiff's Motion for Order to Respond (Doc. 10), Motion for Hearing or Protective Order (Doc. 12), Motion for Reconsideration (Doc. 19) and Motion to Have Defendants Served (Doc. 20) are DENIED as moot in light of this Memorandum Opinion and Order.


_____
UNITED STATES DISTRICT JUDGE