# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

       Plaintiff,

vs.                                                                   No. CV 15-00890 WJ/GJF

CORIZON HEALTH CARE PROVIDERS,
JOSE MARTINEZ DOCTOR, TISHA
ROMERO RN-BSN SERVICE ADMINISTRATOR,
WARDEN GERMAN FRANCO, DEPUTY
WARDEN OLIVAS and MICHELLE BOYER
GRIEVANCE OFFICER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule

12(b)(6) of the Federal Rules of Civil Procedure on the Amended Complaint filed by Plaintiff

Nick James Gonzales on April 15, 2016. (Doc. 22) ("Amended Complaint"). The Court will

dismiss the Amended Complaint for failure to state a claim on which relief can be granted.   The

Court will also deny Gonzales's pending motions (Doc. 25, 26, 27, 29, 30, 32, 34, and 35) as

moot in light of this Memorandum Opinion and Order.

     Plaintiff Nick James Gonzales is an inmate incarcerated at the Penitentiary of New

Mexico in Santa Fe.  (Doc. 1 at 1).  Gonzales has been diagnosed with a chronic health

condition, Hepatitis C.  (Doc 22 at2).  Gonzales has brought this 42 U.S.C. § 1983 case against

Corizon Health Care Providers, Doctor John Martinez, Tisha Romero, RN, Warden German

Franco, Deputy Warden C. Olivas, and Grievance Officer Michelle Boyer.  (Doc. 22 at 1).

Gonzales asserts Eighth Amendment deliberate indifference and Fourteenth Amendment equal

protection claims arising out of the alleged failure of Defendants to treat his serious medical condition, Hepatitis C.  (Doc. 22 at 2-7).  The allegations of the Amended Complaint do not establish deliberate indifference by prison officials in failing to provide Gonzales treatment for his Hepatitis C condition but, instead, show that Gonzales disagrees with the medical care he is being provided.  The factual allegations of the Amended Complaint fail to state a plausible Eighth or Fourteenth Amendment claim for relief.

## DISMISSAL FOR FAILURE TO STATE A CLAIM

Plaintiff Gonzales is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or  28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## ANALYSIS OF PLAINTIFF'S CLAIMS

Gonzales alleges claims under 42 U.S.C. § 1983 for violation of constitutional rights under the 8th and 14th Amendments. He claims his rights to equal protection and to be free from cruel and unusual punishment have been violated by alleged indifference to serious medical needs.  (Doc. 22 at 2-3; Doc. 1 at 2).

The factual allegations and additional materials in the record establish that Gonzales is incarcerated at the Penitentiary of New Mexico.  (Doc. 1 at 1-2).  Gonzales has been diagnosed with chronic Hepatitis C. (Doc 22 at 2).  Gonzales claims he is being denied treatment for his chronic Hepatitis C and seeks to have the Court order that he be given the "immunosuppressive" medications that will cure the disease.  (Doc. 22 at 12). The allegations and evidence submitted show that the New Mexico Department of Corrections has adopted a Hepatitis C treatment protocol.  (Doc. 32 at 7-8):[1]

> "1.  There is a written plan for the treatment of inmates with chronic conditions such as hypertension, diabetes and other diseases that require periodic care and treatment.  The plan addresses the monitoring of medications, laboratory testing, the use of chronic care clinics, health record forms, and the frequency of specialist consultation and review.  The following conditions will be considered chronic in nature, and treated according with the specific chronic care guidelines, per standard of care:
> . . .
> ● Hepatitis C
> . . .
> 2.  The nurse will schedule inmates for chronic care clinic visits when a chronic Disease has been identified. The site physician will periodically review and Evaluate the inmate's status of control.

---

[1] New Mexico has a high rate of Hepatitis C prevalence among inmates, with 41.1 percent of the New Mexico prison population testing positive for the HCV-antibody as of 2012.  Varan AK, et al., *Hepatitis C Seroprevalence Among Prison Inmates Since 2001*, Public Health Rep. 2014;129:187-95.  Current Hepatitis C treatments are extremely costly and treatment continuity issues arise with prisoners moving in and out of the system.  As a result, most correctional systems have developed treatment protocols.  *See, e.g.,* Federal Bureau of Prisons' *Interim Guidance for the Management of Chronic Hepatitis C Infection* (2014) and *Evaluation and Management of Chronic HCV Infection Clinical Guidance* (2016).

3.  The treatment plan specifies the monitoring of medications, laboratory testing, and scheduling of chronic care clinics, health record form, and the frequency of specialist consultation.
4.  The physician or his or her designee should evaluate all special needs inmates on a continuous basis.  The physician will perform an assessment at appropriate intervals to determine the need for continued service or special treatment.
5.  The site physician will review current medication profiles and ensures continuity of medications for chronic diseases.
6.  Documentation of chronic disease management will be maintained in the inmate's medical record on the Chronic Clinic Encounter form.
7.  The chronic disease management program will be monitored via the Continuous Quality Improvement Committee meetings."

(Doc. 32 at 7-8).

The responses to his grievances also demonstrate that Plaintiff Gonzales is being provided medical monitoring and care according to the protocol.  (Doc. 22 at 10).

"As far as Hep C Treatment is concerned, we have a priority system based on laboratory results, pending release date, disciplinary charges, symptoms of the patient, etc.  As of this time, Inmate Gonzales is not a priority candidate for treatment.  We will continue to monitor him and if anything changes in his health status or labs, we could possibly move him up on the list."

"I did however speak with medical and they informed me you are on the list for treatment in order of priority in regards to others needing treatment."

(Doc. 22 at 10, 12).   Last, the evidence provided by Plaintiff Gonzales establishes that similarly situated inmates with chronic Hepatitis C are being afforded the same care and treatment as Gonzales:.

"I am incarcerated with Nick J. Gonzales at the Penitentiary of New Mexico Level VI.  We are housed in the same unit & pod. . . I, as well as Mr. Inmate Gonzales, have been and keep being denied our Hepatitis-C treatment."

(Doc. 16).

## I.  Eighth Amendment Claims:

The Eighth Amendment protects against the infliction of cruel and unusual punishments.

U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual

punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006); *Kikumura v. Osagie,* 461 F.3d 1269, 1291 (10th Cir.2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). The record establishes the first prong that Gonzales has a serious medical need.  (Doc 22 at 2).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm

and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted).  With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody.  *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).  The record in this case fails to establish the second, subjective, component.

The allegations of the Amended Complaint do not state a plausible claim that Defendants are deliberately indifferent to Gonzales's medical needs. *Twombly,* 550 U.S. at 570. In the context of Hepatitis C, prison officials are not deliberately indifferent to an inmate's serious medical need when a physician prescribes a different method of treatment than that requested by the inmate. *See Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15–CV–0579, 2015 WL 6706587, at *2 (E.D.Cal. Nov. 3, 2015); *see, also, Johnson v. Frakes*, No. 8:16CV155, 2016 WL 4148231, at *3 (D.Neb. Aug. 4, 2016) (concluding that defendants' failure to provide Plaintiff with Harvoni, his requested course of treatment, did not constitute an Eighth Amendment violation); *Smith v. Corizon, Inc.*, No. 15–743, 2015 WL 9274915, at *6 (D.Md. Dec. 17, 2015) (finding that denial of an inmate's request for Harvoni treatment did not reflect deliberate indifference where inmate was seen by prison nurses, physician's assistants, and physicians for his chronic conditions, including Hepatitis C).

Similarly, the alleged facts in this case do not show that Defendants both knew of his Hepatitis C condition and deliberately chose to disregard it. *Martinez v. Beggs*, 563 F.3d at 1089. A review of plaintiff's Amended Complaint and his submissions show that prison officials have recognized Gonzales's serious medical condition and are monitoring it:

> "As far as Hep C Treatment is concerned, we have a priority system based on laboratory results, pending release date, disciplinary charges, symptoms of the patient, etc. As of this time, Inmate Gonzales is not a priority candidate for treatment. We will continue to monitor him and if anything changes in his health status or labs, we could possibly move him up on the list."

(Doc. 22 at 10).

Gonzales's allegations boil down to a contention that he has a constitutional right to a particular course of treatment or to be given a particular medication. The Tenth Circuit and other courts have rejected such an expansive view of the rights protected by the Eighth Amendment.

The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a particular course of treatment. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir.1997). Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996). Prison health care providers remain free to exercise professional judgment and an inmate is not entitled to any particular course of treatment. *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.1997). S*ee also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim).

The facts establish that Gonzales seeks to be given his choice of medication rather than the alternative monitoring chosen by the prison health care providers. (Doc. 22 at 12). The record shows no more than a difference of opinion between the prison's medical staff, not a deliberate refusal to provide medical treatment. *See, e. g*., *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222. The Court understands that any prisoner diagnosed with Hepatitis C would want to receive one of the new treatments that can cure the disease. The questions of the medical standard of care and whether all inmates diagnosed with Hepatitis C should receive the new medications regardless of cost or individual circumstances are medical questions beyond the scope of the issues raised in this case. The Court decides only that the decision by prison officials to monitor a prisoner's Hepatitis C based on a protocol does not rise to the level of deliberate indifference to a prisoner's serious medical needs in violation of the Eight Amendment. The allegations of the Amended Complaint fail to

state an Eighth Amendment claim for relief. *Self v. Crum,* 439 F.3d at 1231; *Callahan* 471 F.3d at 1160.

## II.  Equal Protection Claims:

The Equal Protection Clause directs that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 201, 216 (1982)). Two theories exist upon which a plaintiff may state an equal protection claim. The traditional theory protects a plaintiff from: (1) a law or government action that substantially burdens a fundamental constitutional right; or (2) discrimination based upon membership in a protected class such as race, national origin, or gender. *See, e.g.*, *City of Cleburne*, 473 U.S. at 340-41. If the burdening of a fundamental right or membership in a protected class is not alleged, a plaintiff may still make out an equal protection claim under an alternate theory. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff may state an equal protection claim if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals. *Id.* Specifically, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (2006).

Plaintiff Gonzales makes no allegations to suggest that he is a member of a protected class or that the actions of prison officials substantially burden the exercise of a fundamental constitutional right. Instead, Gonzales attempts to state a differential treatment claim. Plaintiff's allegations, however, are insufficient to make out a plausible claim. Although Gonzales claims that he is treated differently from "all others," he does not make any allegations showing that "all others" are similarly situated. *See* Doc. 22 at 3, 4.  Nor does he provide a factual basis to show

that there is no rational basis for any differential treatment.  To the contrary, the materials placed

in the record by Gonzales tend to show that the prison has a written policy for the treatment of

inmates with chronic medical conditions, including Hepatitis C, and that, consistent with the

policy, Plaintiff is being treated the same as other inmates with chronic health conditions. *See*

Doc. 16; Doc. 32 at 7-8; Doc. 22 at 10-12. The Complaint fails to state an equal protection claim

based on differential treatment.  *Hill v. Borough of Kutztown*, 455 F.3d at 239; *Twombly,* 550

U.S. at 570.

## CONCLUSION

The Court will dismiss the Amended Complaint for failure to state a claim under the 28

U.S.C. § 1915(e)(2)(B) standard and without leave to amend.  Gonzales has already been given

the opportunity to file an amended complaint and the Court determines that because his specific

allegations reflect no more than a disagreement as to his medical care, allowing a further

opportunity to amend would be futile. *Hall v. Bellmon,* 935 F.2d at 1109.  The Court will also

deny Gonzales' Motion for an Order to Show Cause (Doc. 25), Motion for Order Compelling

Discovery (Doc. 26), Motion to Have Defendants Served (Doc. 27), Motion for an Injunction

(Doc. 29), Request for Appointment of Counsel (Doc. 30), Motion for Order to Show Cause

(Doc. 32), Motion for Order for Examination (Doc. 34), and Motion for Default Judgment (Doc.

35) as moot in light of the Court's dismissal of the amended Complaint.

The Court will dismiss Gonzales's Complaint for failure to state a claim on which relief

can be granted under 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a "strike" for

purposes of the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. §

1915(g).  Gonzales is notified that if he accrues three strikes, he may not proceed *in forma*

*pauperis* in any future civil actions before federal courts unless he is under imminent danger of

serious physical injury. § 1915(g).[2]

      **IT IS ORDERED** that Plaintiff Gonzales's Motion for an Order to Show Cause (Doc. 25), Motion for Order Compelling Discovery (Doc. 26), Motion to Have Defendants Served (Doc. 27), Motion for an Injunction (Doc. 29), Request for Appointment of Counsel (Doc. 30), Motion for Order to Show Cause (Doc. 32), Motion for Order for Examination (Doc. 34), and Motion for Default Judgment (Doc. 35) are **DENIED** as moot; the Amended Complaint filed by Plaintiff Nick James Gonzales (Doc. 22) is **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B); and a **STRIKE** is imposed under 28 U.S.C. § 1915(g).

 

      _____

      UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Gonzales has filed four prior proceedings in this Court: *Gonzales v. Hatch,* No. CV 13-00305 RB/GBW (dismissed for failure to comply with a court order); *Gonzales v. Franco,* No. CV 14-01001 MV/KBM (dismissed for failure to exhaust administrative remedies); *Gonzales v. Penitentiary of New Mexico,* No. CV 15-01161 KG/SCY (dismissed based on voluntary withdrawal); and *Gonzales v. Franco,* No. CV 14-01163 JB/SMV (dismissed on summary judgment). Gonzales also has three additional pending cases: *Gonzales v. Marcantel,* No. CV 16-01275 WJ/LF; *Gonzales v. Loya,* No. CV 16-01388 WJ/GJF; and *Gonzales v. Robinson,* No. CV 16-01409 JCH/GBW.